IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH HALE, | |
| Plaintiff, | Case No. 19-cv-00923 |
| v. | **JURY TRIAL DEMANDED** |
| THE NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORPORATION, d/b/a METRA, | Honorable Judge John J. Tharp, Jr. |
| Defendant. | |

**AMENDED COMPLAINT**

Plaintiff, Keith Hale, by and through his undersigned counsel, states as follows as his Amended Complaint against Defendant The Northeast Illinois Regional Commuter Railroad Corporation, doing business as Metra ("Metra"):

**PARTIES**

1. Plaintiff, Keith Hale, is an Illinois citizen and resident of Cook County, Illinois, in this District.

2. Defendant, The Northeast Illinois Regional Commuter Railroad Corporation, doing business as Metra, is an Illinois public corporation that at all relevant times was regularly and continuously doing business in Illinois and in this District.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this matter arises under the Constitution, laws, or treaties of the United States.

4. Further, this Court has jurisdiction over Plaintiff's claim under Illinois law pursuant to 28 U.S.C. § 1367(a), as Plaintiff's other claim is so related to claims in the action

within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this District because the acts complained of all took place in this District, and at all relevant times, Plaintiff was employed by Metra and worked for Metra in this District.

**FACTUAL BACKGROUND**

6. Plaintiff is African-American.

7. Plaintiff began working for Metra as a police officer on or about October 8, 2012.

8. During Plaintiff's employment with Metra, he met all of Metra's legitimate employment and performance expectations.

9. In or about July 2018, while on patrol, Plaintiff's direct supervisor, a Metra Police Sergeant, contacted Plaintiff over the radio to meet him at a requested location.

10. In that same radio contact, Plaintiff's supervisor told Plaintiff "not to kill himself" in responding to that call – meaning there was no rush for Plaintiff to arrive at the location.

11. Plaintiff subsequently radioed his location to dispatch and drove to the requested location.

12. On or about July 31, 2018, despite Plaintiff meeting all of Metra's legitimate employment and performance expectations, Metra took Plaintiff "out of service" for his alleged delay in responding to the July 2018 radio call and for making a mistake in his location as reported to dispatch at the time.

13. The process of taking a Metra police officer "out of service" is more serious than a suspension as it involves taking the officer's badge and other items used in the process of law enforcement and suspends payment of Plaintiff's salary.

14. Metra's reasons for taking Plaintiff out of service were false and pretextual as the real reason for their actions was his race.

15. Indeed, numerous other white Metra police officers have not been taken out of service, or even faced severe discipline, for much greater alleged offenses than those Metra claimed as its pretextual reasons for taking Plaintiff out of service.

16. Plaintiff timely filed a Charge of Discrimination (the "Charge") with the Illinois Department of Human Rights ("IDHR") on or about August 29, 2018.

17. In retaliation for filing that Charge, on or about September 24, 2018, Metra terminated Plaintiff.

18. At that time, Metra falsely and pretextually told Plaintiff that he was being terminated for dishonesty, but the real reason for his termination was his race and in retaliation for his filing of a Charge.

19. Numerous other white Metra police officers have not been terminated, or even faced severe discipline, for much greater alleged offenses than those Metra claimed as its pretextual reasons for Plaintiff's termination.

20. After his termination, Plaintiff timely filed a second Charge of Discrimination with the Illinois Department of Human Rights ("IDHR"), adding a claim for retaliation, on or about September 24, 2018.

21. On or about January 25, 2019, the IDHR issued Plaintiff a "Notice of Right to Sue" on his first charge.

22. On or about January 28, 2019, the IDHR issued Plaintiff a "Notice of Right to Sue" on his second charge.

23. Plaintiff has timely filed the present lawsuit and has satisfied all procedural prerequisites to bringing this action.

## LEGAL CLAIMS
### COUNT I
**(Discrimination in violation of 42 U.S.C. § 1981)**

24. Plaintiff re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-21, above, as Paragraph 22 of Count I of his Complaint.

25. Plaintiff is a person within the jurisdiction of the United States.

26. Metra's actions described herein denied Plaintiff the ability to make and enforce contracts in the same manner as enjoyed members of the Caucasian race, for the reasons of his race, in violation of 42 U.S.C. §1981.

27. As a direct and proximate result of Metra's unlawful actions against Plaintiff, in violation of 42 U.S.C. § 1981, he has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Plaintiff, Keith Hale, respectfully asks that this Court enter judgment in his favor on Count I of his Complaint; award him back pay, and compensatory damages for his losses from the date of his wrongful "taking out of service" and termination until the date of any judgment, and front pay into the future; award him sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by any equitable relief; award him compensatory and punitive damages not otherwise specified herein; award him attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award him such other and further relief as this Court deems just and proper.

## COUNT II
**(Retaliation in violation of 42 U.S.C. § 1981)**

28. Plaintiff re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-21, above, as Paragraph 26 of Count II of his Complaint.

29. Plaintiff is a person within the jurisdiction of the United States.

30. As stated above, Plaintiff filed a Charge of Discrimination with the Illinois Department of Human Rights, complaining of the discriminatory actions he was suffering in his workplace on account of his race.

31. IDHR subsequently shared that Charge and those allegations with Metra.

32. Metra retaliated against Plaintiff for filing that Charge and making his complaints of race discrimination by terminating his employment, in violation of 42 U.S.C. § 1981.

33. As a direct and proximate result of Metra's unlawful actions against Plaintiff, in violation of 42 U.S.C. § 1981, he has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Plaintiff, Keith Hale, respectfully asks that this Court enter judgment in his favor on Count II of his Complaint; award him back pay, and compensatory damages for his losses from the date of his wrongful termination until the date of any judgment, and front pay into the future; award him sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by any equitable relief; award him compensatory and punitive damages not otherwise specified herein; award him attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award him such other and further relief as this Court deems just and proper.

## COUNT III
**(Violations of the Illinois Human Rights Act, 775 ILCS 5/2-101, *et seq.*)**

34. Plaintiff re-alleges and incorporates by reference, as it fully stated herein, Paragraphs 1-21, above, as Paragraph 32 of Count III of his Complaint.

35. Metra is a covered "employer" as defined by the Illinois Human Rights Act (the "Act").

36. Plaintiff is a covered "employee" as defined by the Act.

37. The Act prohibits, among other things, discrimination in employment based on race and retaliation for bringing a charge under the Act.

38. The actions described above demonstrate that Metra has discriminated against Plaintiff on the basis of his race, African-American, in violation of the Act.

39. The actions described above also demonstrate that Metra has retaliated against Plaintiff for his filing of a charge of discrimination, in violation of the Act.

40. As a direct and proximate result of Metra's unlawful actions against Plaintiff, in violation of the Act, he has suffered, and will continue to suffer, monetary and emotional damages.

**WHEREFORE**, Plaintiff, Keith Hale, respectfully asks that this Court enter judgment in his favor on Count III of his Complaint; award him back pay, and compensatory damages for his losses from the date of his wrongful "taking out of service" and termination until the date of any judgment, and front pay into the future; award him sufficient funds to compensate him for his losses, pain and mental suffering, which cannot otherwise be compensated by any equitable relief; award him compensatory and punitive damages not otherwise specified herein; award him attorneys' fees, and the cost of this action, pre-judgment and post-judgment interest; and, award him such other and further relief as this Court deems just and proper.

**JURY TRIAL DEMANDED**

**Dated**: April 12, 2019          **RESPECTFULLY SUBMITTED,**

By: /s/ Ethan E. White
       Ethan E. White
       EMERY LAW, LTD.
       3 Grant Square, #268
       Hinsdale, Illinois 60521
       (630) 984-0339 (direct)
       ewhite@emerylawltd.com